**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-41268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ATLAS WAYNE PHILLIPS,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(1:96-CV-83)

May 27, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Atlas Wayne Phillips, federal prisoner no. 03199-078, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. In his motion before the district court, Phillips argued (1) that the evidence was insufficient to support his conviction for using or carrying a firearm during and in relation to a drug offense, in violation of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 924(c)(1), and (2) that the trial judge's erroneous, pre-_Bailey_[2] instructions regarding the "use" prong of § 924(c)(1) rendered his conviction constitutionally infirm. Neither contention has merit. We affirm.

During a traffic stop, police found over 55 kilograms of marijuana in a car in which Phillips was traveling. Police also discovered a loaded pistol in Phillips's suitcase, which was located in the back seat of the car. Phillips subsequently admitted that the gun belonged to him, and that he required it for his drug business. Even though the government did not produce enough evidence to convict Phillips under the properly-understood "use" prong of § 924(c)(1), the government adduced more than enough evidence to convict Phillips under the "carry" prong of § 924(c)(1).[3] With respect to Phillips's jury instructions argument, we find that he has failed make the requisite showing of actual prejudice resulting from the trial court's error.[4] Essentially, Phillips cannot demonstrate prejudice because the amount of evidence supporting a conviction under the "carry" prong was overwhelming. We further note that the jury was adequately instructed on the "carry" prong, and that the jury verdict

---

[2] _Bailey v. United States_, 116 S.Ct. 501 (1995).

[3] See _United States v. Garcia_, 1998 WL 67123 at 4 (5th Cir.) (if an indictment alleges separate offenses in the conjunctive, the government is required to prove only one of the offenses to obtain a conviction).

[4] See _United States v. Frady_, 456 U.S. 152, 167-68 (1982).

2

necessarily encompassed all of the elements necessary to convict on that prong.[5]

AFFIRMED.

---

[5] <u>See</u> *United States v. Holland*, 116 F.3d 1353, 1356–59 (10th Cir. 1997). <u>See also</u> *United States v. Watson*, 97-30106 (5th Cir. Jan. 20, 1998) (unpublished).